UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA A. DOWNEY, *et al.,*

          Plaintiffs,

                                       Case No. 12-cv-14840

vs.                                 HON. GERSHWIN A. DRAIN


FEDERAL NATIONAL MORTGAGE ASSOCIATION
(FANNIE MAE),

          Defendant.
_____/

### OPINION AND ORDER GRANTING MOTION TO REOPEN CASE FOLLOWING ADMINISTRATIVE HEARING [#12], VACATING MARCH 20, 2013 ORDER FOR ADMINISTRATIVE CLOSING, RESETTING HEARING ON DEFENDANT'S MOTION TO DISMISS FOR AUGUST 28, 2013 AT 3:00 P.M. AND CANCELLING JULY 23, 2013 HEARING

## I.     INTRODUCTION

Presently before the Court is Defendant Fannie Mae's Motion to Reopen Case Following Administrative Hearing, filed on May 14, 2013. Defendant originally filed an eviction action against Plaintiffs. Plaintiffs' Counter-Complaints were bifurcated and removed to this Court. The Court then entered an Order for Administrative Closing Due to Bankruptcy. Defendant argues that an automatic stay imposed by the bankruptcy action is inapplicable because the litigation was brought by (rather than against) Plaintiffs and does not involve any claims against them. For the reasons that follow, the Court grants Defendant's Motion to Reopen Case Following Administrative Hearing.

1

## II.     PROCEDURAL HISTORY

On July 18, 2012, Fannie Mae (Defendant) filed an eviction complaint against Melissa and Timothy Downey (Plaintiffs). On July 31, 2012, Plaintiffs filed their Answer to Complaint, Affirmative Defenses, and Counter-Complaint. Defendant then moved to bifurcate the Counter-Complaint from the eviction action. The Counter-Complaint was removed to this Court on October 31, 2012. On November 7, 2012, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. The Court scheduled a hearing for this motion for March 19, 2013. However, the hearing was cancelled after the Court received notice of a Bankruptcy Action filed in the U.S. Bankruptcy Court for the Eastern District of Michigan, involving Plaintiffs as debtors. On March 20, 2013, the Court entered an Order for Administrative Closing Due to Bankruptcy. The Order specifies that "when the bankruptcy stay is removed, this case may be reopened on motion of any party."

## III.     LAW AND ANALYSIS

Defendant argues that this matter should be reopened and the Court should hear Defendant's Motion to Dismiss because this case is not subject to the automatic stay imposed by the bankruptcy action. Defendant maintains that the automatic stay is inapplicable because the litigation was brought by (rather than against) Plaintiffs and does not involve any claims against them.

An automatic stay of proceedings is imposed "against the debtor … or to recover a claim against the debtor." 11 U.S.C. § 362(a)(1).  In *Black v. Ryder/PIE Nationwide, Inc*., 930 F.2d 505, 507 n.1 (6th Cir. 1991), the facts were comparable to the instant case, with an affirmative claim brought by a debtor. The court stated:

> Subsequent to the filing of the notice of appeal, the defendant trucking company filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code . . . . 11

2

> U.S.C. § 362 provides for an automatic stay of pending proceedings against the debtor, but the plaintiff driver's claim against the union is not a claim against the debtor. We see no reason to stay the issuance of this opinion.

*Id.* Furthermore, in *Gorski v. CTX Mortgage Co., LLC*, No. 12-cv-12250 (E.D. Mich. Apr. 11, 2013), the Court stated that although it was notified of the plaintiff's bankruptcy claim, the automatic stay did not impact the decision because the debtor was prosecuting the action. The court stated that "[t]he stay does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor." *Id.* at *2 (citing *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 875 (9th Cir. 2011)).

Plaintiffs maintain that Defendant is relying on the wrong provision of 11 U.S.C. § 362. They highlight 11 U.S.C. § 362(a)(3)-(a)(5), which relate to actions to obtain possession of and to enforce liens against the "property of the debtor" or the "property of the estate." However, Plaintiffs and their estate no longer have an interest in the property at issue, since Plaintiffs failed to redeem the property after the January 10, 2012 foreclosure sale. After the six month redemption period expired, Defendant was vested with "all the right, title, and interest" of the property. M.C.L. § 600.3240(8); M.C.L. § 600.3236. Therefore, sections 362(a)(3)-(a)(5) do not apply in the instant case.

Plaintiffs also argue that the applicable venue for requesting the lifting of the automatic stay would be within the bankruptcy court's jurisdiction, and that the appropriate remedy is under 11 U.S.C. § 362(e). Plaintiff states that the exact same parties are before the bankruptcy court, but the Defendant has not requested the removal of the automatic stay from the bankruptcy court. However, even if the parties are the same in this case and in the bankruptcy action, the automatic stay does not apply to affirmative claims brought by debtor-plaintiffs. Also, 11 U.S.C.

3

§ 362(e) does not state that a request for relief from the automatic stay *must* be made in the bankruptcy court; it simply outlines "the procedures a bankruptcy court should follow when deciding whether to grant or deny relief from the automatic stay." *Id.*

Plaintiffs further argue that in the matter before the bankruptcy court, the trustee alleges an unperfected lien related to improper title, which affects the Defendant's overall standing to even pursue a foreclosure. Plaintiffs state that Defendant is trying to obtain a ruling on a matter that may be moot if it is determined Defendant improperly foreclosed. However, no matter how the bankruptcy court addresses the issues raised by the bankruptcy trustee, this Court must address the allegations raised by Plaintiffs in this matter. The Motion is appropriately posed to this Court because Plaintiffs' claims against Defendant are only present here. This Court is not usurping the authority of the bankruptcy court.

## IV.    CONCLUSION

For the reasons stated above, the Motion to Reopen Case Following Administrative Closing [#12] is GRANTED.  This Court's March 20, 2013 Order is VACATED and the Clerk of the Court is hereby directed to reopen this matter to this Court's active docket.  The parties shall appear for oral argument on Defendant's Motion to Dismiss (#4) on August 28, 2013 at 3:00 p.m.  The July 23, 2013 hearing is cancelled.

SO ORDERED.

Dated: July 9, 2013

/s/ Geshwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE