UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA A. DOWNEY and
TIMOTHY W. DOWNEY,

    Plaintiffs,

                              Case No. 12-cv-14840
                              HON. GERSHWIN A. DRAIN

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#4] AND CANCELLING AUGUST 28, 2013 HEARING**

## I.     Introduction

On October 31, 2012, Plaintiffs, Melissa A. Downey and Timothy W. Downey, filed suit against defendant, Federal National Mortgage Association ("Fannie Mae"), challenging the foreclosure of a mortgage that encumbered property located at 10734 Borgman Ave., Huntington Woods, Michigan, 48070 (the "Property"). Plaintiffs raise four claims: Lack of Standing to Foreclosure Under MICH. COMP. LAWS § 600.3204, Count I; Fraudulently Attempting to Wrongfully Obtain a Judgment in Violation of MICH. COMP. LAWS § 600.2907A, Count II; Negligence of Duty to Plaintiff, Count III; and Wrongful Foreclosure in Violation of MICH. COMP. LAWS § 600.3201 *et seq.*, Count IV.

Presently before the Court is Defendant's Motion to Dismiss. A hearing is scheduled for August 28, 2013, however upon review of the parties' briefing, the Court finds that oral

argument will not aid in the resolution of this matter. Accordingly, the August 28, 2013 hearing is CANCELLED. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

## II.     Factual Background

On May 26, 2006, Plaintiffs obtained a loan in the amount of $377,000.00, which was evidenced by a promissory note executed by Plaintiffs. As security for the loan Plaintiffs granted a mortgage on the Property. On June 28, 2006, the mortgage was recorded with the Oakland County Register of Deeds as Instrument Number 164528, at Liber 37768, Page 412. The mortgage states that it is given to Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee for Lender and Lender's successors and assigns." On August 23, 2010, MERS executed an Assignment of Mortgage, assigning its interest in the Mortgage to BAC Home Loans Servicing, LP ("BACHLS"). The assignment was recorded on August 27, 2010, with the Oakland County Register of Deeds as Instrument Number 154037, at Liber No. 42322, Page 606. BACHLS merged with and into Bank of America N.A. ("BANA"), effective July 1, 2011. *See* Certificate of Merger, Ex. C.

Plaintiffs defaulted on the loan by failing to make their payments when they came due. Consequently, as provided in the mortgage, a foreclosure proceeding by advertisement was initiated. On January 10, 2012, the Property was sold at a Sheriff's Sale. BANA purchased the Property at the Sheriff's Sale for $486,150.55 and received a Sheriff's Deed on Mortgage Sale. On February 22, 2012, BANA conveyed the Property to Fannie Mae via Quit Claim Deed. Accordingly, the redemption period expired on July 10, 2012. *See* MICH. COMP. LAWS § 600.3240(8).

Plaintiffs allege they had great difficulty during the loan modification process. Plaintiffs claim they were told that they did not qualify, even after being temporarily approved and sending payment. Plaintiffs insist that despite their efforts to follow up on applying for the loan modification process, they were told they did not qualify. Plaintiffs claim they were not informed why they did not qualify. Plaintiffs allege that they were contacted after the eviction had been filed by BANA regarding loan modification.

### III.   Law & Analysis

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 1950.

### B. Defendant's Motion to Dismiss

In Count I, Plaintiffs argue that Defendant did not have standing to proceed with the foreclosure of the property. Plaintiffs allege that "[Fannie Mae's] predecessor servicer, BAC Home loans Servicing, L.P., has attempted to fraudulently foreclose, knowing that it does not have standing and did not exist before the commencement of the foreclosure." Compl.,¶ 1. The statute provides that "A party may foreclose a mortgage by advertisement if all of the following circumstances exist: … (d) The party foreclosing the mortgage is either the owner of the indebtedness or an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." MICH. COMP. LAWS § 600.3204(1)(d).

Plaintiffs maintain that "BAC Home Loans Servicing, LP, no longer existed when foreclosure proceedings commenced, and because BAC Home Loans Servicing neither owned the indebtedness or an interest in the indebtedness and was not the servicer when foreclosure proceedings were commenced… the foreclosure violated MCL 600.3204(1)(d)" *See* Plfs.' Resp. at 7.

Here, Defendant did have standing to properly initiate the foreclosure. As an initial matter, BANA, not BACHLS, foreclosed on the property. Prior to the foreclosure, BACHLS merged with BANA. *See* Certificate of Merger, Ex. C. Subsequently, BANA commenced the foreclosure of the property. This is evidenced by the Sheriff's Deed and Quit Claim Deed stating that the foreclosing party was "Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP." *See* Quit Claim Deed, Ex. F and Sheriff's Deed, Ex. E. Michigan law explicitly allows for successors in merger to acquire title and real estate, "when a merger takes effect, the title to all real estate and other property rights owned by each entity party to the merger are vested in the surviving entity." MICH. COMP. LAWS § 450.1736(9). BANA lawfully merged with BACHLS. Therefore, BANA legally acquired title and the real estate of BACHLS, including the mortgage of the Property.

In response, Plaintiffs assert that the foreclosure is void because Defendant improperly listed BACHLS as the foreclosing assignee on the notice of foreclosure dated December 8, 2011. *See* Plfs.' Resp. at 9. Plaintiffs allege that on December 8, 2011, BACHLS was not a functioning company and did not have an interest in the mortgage. Plaintiffs argue that "[b]ecause the foreclosing assignee as noted in the notice of publication of sheriff's sale, BAC Home Loans Servicing, LP, no longer existed when foreclosure proceedings commenced…the foreclosure violated MCL 600.3204(1)(d)" *See* Plfs.' Resp. at 7.

The notice of foreclosure states that, "the mortgage was "modified by Affidavit or Order recorded on July 6, 2009 in Liber 41302 on Page 542, and assigned by said Mortgagee (MERS) to BAC Home Loans Servicing, L.P as assignee as documented by an assignment, in Oakland county records, Michigan." *See* Notice of Foreclosure Ex. E.

Michigan Compiled Laws § 600.3212 states: "Every notice of foreclosure by advertisement shall include all of the following: (a) names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any."

Here, the notice of foreclosure is in compliance with the plain language of the statute. The notice included both the names of the mortgagors (Melissa A. Downey and Timothy W. Downey) and the original mortgagee (MERS, as nominee for the Lender). In the instant case, there is no foreclosing assignee. As previously mentioned, BANA acquired the mortgage through merger with BACHLS. This type of acquisition requires no recording of assignment of property. Courts have found, "that where a mortgage is transferred through merger, there is no need to record the assignment in order for the surviving entity to have authority to foreclose, because the surviving entity has 'stepped into the shoes' of the entity that held the mortgage before the merger." *Gregory v. CitiMortgage*, Inc., 890 F. Supp. 2d 791, 799 (E.D. Mich. 2012).

BACHLS is mentioned in reference to the original mortgage issued by MERS, and its subsequent assignment from MERS to BACHLS. Michigan Courts have held that the mentioning of intermediate assignments of property does not impact the validity of the notice of foreclosure. *Depositors Corp. v. Keller*, 286 Mich. 403, 282 N.W. 194 (1938). In *Depositors*, the court held that a mistake in the name of an intermediate assignee was inconsequential as the party was "in the chain of assignments…but was not the assignee that foreclosed on the mortgage." *Id*. at 411. Here there is no mistake in the naming of BACHLS, and BACHLS was not the assignee that foreclosed on the mortgage. The reference to the intermediate assignment to BACHLS is extraneous, and does not create a defect in the notice.

Even if the foreclosure process did contain a defect, the foreclosure would not necessarily be rendered void. Plaintiffs rely on the Michigan Court of Appeals decision in *Davenport v. HSBC Bank,* 275 Mich. App. 344 (Mich. Ct. App. 2007), to advance their argument that a defect in the foreclosure process makes the foreclosure itself void *ab initio*. In *Davenport*, the court held that if the foreclosing party is neither the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage of the servicing agent at the time it commences foreclosure with the first notice of publication of the sheriff's sale, the foreclosure is rendered void *ab initio*. The Michigan Court of Appeals decision in *Davenport* has since been abrogated by the Michigan Supreme Court's decision in *Kim v. JPMorgan Chase Bank*, N.A., 493 Mich. 98, 825 N.W.2d 329 (2012).

In *Kim*, the Michigan Supreme Court held:

> [D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*. … In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [the Michigan statute]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.

*Id*. at 115-16.

A recent decision in the United States Court of Appeals for the Sixth Circuit applied the framework from *Kim* to a similar set of facts. In *Conlin v. Mortgage Electronic Registration Systems, Inc*., 714 F.3d 355 (6th Cir. 2013), the plaintiff challenged the validity of a foreclosure after the plaintiff alleged defects in the assignment of mortgage on the property. The defendant published a notice of foreclosure stating that the mortgage was held by U.S. Bank National Association. Plaintiff challenged this foreclosure alleging that "U.S. Bank was not the note

holder, mortgage holder, or servicer, as required under MICH. COMP. LAWS 600.3204(1)(d)."The *Conlin* court held that the foreclosure was valid. The court reasoned that:

> [E]ven were the assignment from MERS to U.S. Bank invalid, thereby creating a defect in the foreclosure process under 600.3204(1)(d). Plaintiff has not shown that he was prejudiced. He has not shown that he will be subject to liability from anyone other than U.S. Bank; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way.

*Id*. at 362.

Here, even if the Court were to find a defect present in the foreclosure proceeding, it would not cause the foreclosure to be void *ab initio*. The framework introduced in *Kim* requires Plaintiffs to demonstrate that they were prejudiced by Defendant's failure to comply with the statute. The Plaintiffs "must show that they would have been in a better position to preserve their interest in the property absent defendant's non compliance with the statute." *Kim*, 493 Mich. at 116. In the instant case, there is no failure to comply with the statute. Additionally, Plaintiffs have not alleged how they were prejudiced by the purported defect.

In Count II, Plaintiffs allege that Defendant has "perpetrated a fraud upon the court by attempting to wrongfully obtain a judgment in violation of MCL § 600.2907A." *See* Compl. at pg. 7. The statute establishes that "A person who… by encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person is liable to the owner of the property encumbered." MICH. COMP. LAWS § 600.2907a.

In order to state a claim for fraud, plaintiffs must plead: "(1) that defendants made a material misrepresentation; (2) that it was false; (3) that when they made it they knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that they made it with the intention that it should be acted upon by plaintiffs; (5) that plaintiffs

acted in reliance upon it; and (6) that they thereby suffered injury. *Hi–Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976). The absence of any one of these elements is fatal to recovery. Under Rule 9(b), plaintiffs 'must at a minimum allege the time, place and contents of the misrepresentation(s) upon which [they] relied.'" *Vanderhoof v. Deutsche Bank Nat. Trust*, 12-10305, 2013 WL 784648 (E.D. Mich. Mar. 1, 2013).

Plaintiffs fail to allege the specific false representations made by BANA. Nor do their pleadings contain any factual allegations concerning who, when, or any specific detail surrounding the alleged fraud. In addition to the insufficiency of pleading, the facts of the claim itself do not meet all of the necessary elements of a fraud claim. Therefore, Plaintiffs' fraud claim fails as a matter of law.

In Count III, Plaintiffs allege that Defendant committed a "negligence of duty…established by Fannie Mae." *See* Compl. at pg. 9. Specifically, "Defendant in proceeding with foreclosure publication and the Sheriff's Sale without completing a proper evaluation of… Plaintiffs for HAMP…harmed…Plaintiffs by resulting in foreclosure on…Plaintiff's home." Compl., ¶ 29.

The elements of a negligence claim are "duty, breach of that duty, causation, and damages." *Brown v. Brown*, 478 Mich. 545, 552, 739 N.W.2d 313 (2007). Duty is "the legal obligation to conform to a specific standard of conduct in order to protect others from unreasonable risks of injury." *Lelito v. Monroe*, 273 Mich.App. 416, 419, 729 N.W.2d 564 (2006).

As an initial matter, it is well settled in this jurisdiction that there is no private right of action under HAMP. Plaintiffs advance a cause of action based on a negligence theory by citing

holdings from other jurisdictions. Plaintiffs have not provided any Michigan cases in which negligence claims under HAMP have been recognized. In *Ahmad v. Wells Fargo Bank, N.A.,* 861 F.Supp.2d 818 (2012), the Court declined to recognize a negligence claim for alleged HAMP violations. The Court commented that, "because of the overwhelming case law finding that plaintiffs do not have a private right of action to sue for a violation of HAMP…courts should be reluctant to allow plaintiffs to recast these claims—involving alleged failures to conform to the provisions of HAMP—as tort violations." *Id*. at 826.

Plaintiffs argue in the alternative, that even if the Court finds that HAMP does not create a private cause of action that the Court "should still hold that Plaintiff was entitled to raise the failure to modify his loan as a defense to foreclosure." *See* Plfs.' Resp. 13. Here, Defendant was under no obligation to modify the loan. Claims for a failure to modify a loan must demonstrate a party's obligation to modify the loan, such as a contractual agreement between the parties. *See Bolone v. Wells Fargo Home Mortg., Inc*., 858 F.Supp.2d 825. (2012). In the instant case, no such allegations have been made.

In Count IV, Plaintiffs allege that Defendant initiated a "wrongful foreclosure in violation of MCL § 600.3201." Plaintiffs argue that "Defendant…has no standing to evict as its predecessor servicer BAC Home Loans Servicing, LP lacked legal standing to foreclose on the property." Compl., ¶ 33.

The pleadings and documents attached thereto have established that BANA conducted the foreclosure. As the legal owner of the mortgage through merger, BANA had proper standing to foreclose on the property. To the extent that Plaintiffs rely on the theory that BACHLS did not have standing, their claims fail as a matter of law.

## **IV.** **Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss [#4] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: August 14, 2013                                              /s/Gershwin A Drain
                                                                                        GERSHWIN A. DRAIN
                                                                                        UNITED STATES DISTRICT JUDGE